ECHOLS, administrator, vs. ALMON, executor.

Upon a citation by an administrator, calling upon all the distributees of an estate to be present at the settlement of his accounts before the ordinary, that officer has no jurisdiction to award a judgment and enforce its collection in favor of the administrator against a distributee, who, upon taking the account, appears to have received from the administrator more than his distributive share was ascertained to be worth. An affidavit of illegality interposed to the enforcement of an execution based upon such a judgment was not demurrable.

(a.) If a proceeding before the ordinary by citation for a settlement of accounts at the instance of one or more distributees or legatees be considered as a substitute for a bill against the administrator or executor for the settlement of his accounts with the parties entitled to the estate, still a court of equity would have no power to entertain a suit at the instance of the representative of the estate against one or all of the distributees for the purpose of recovering an overpayment made by the representative himself to one of such distributees; but the administrator would be remanded to his action at law to recover such overpayment.

(b) The court of ordinary is a constitutional court, and where the jurisdiction of the court is shown, everything will be intended in favor of its judgment; and it must be taken to have judged rightly, unless the contrary appears. But the jurisdiction of the ordinary in citations for settlement is statutory, not constitutional; and where the ordinary had no jurisdiction to render the judgment or issue the execution, his action was coram non judice and void; and an affidavit of illegality was the proper remedy to arrest the proceeding.

January 18, 1887.

Jurisdiction. Ordinary. Administrators and Executors. Illegality. Equity. Before Honorable HUGH BUCHANAN, Judge pro hac vice. Carroll Superior Court. April Term, 1886.

Z. P. Almon, executor of S. B. Echols, deceased, cited the heirs at law of the decedent and distributees of his estate to be present at a settlement of the executor's accounts at the July term, 1879, of the court of ordinary of Heard county. At the time appointed, the ordinary examined the inventory, sale-bills, annual returns and vouchers, and

made a final settlement. He determined that the residuary share in the estate of the decedent was $401.91, and that the executor had paid to W. M. Echols, one of the distributees, $478.19; and thereupon rendered judgment for the executor against the distributee for the difference between these amounts. Execution was issued and levied. The defendant having died, his administrator filed an affidavit of illegality on the ground that the court of ordinary had no jurisdiction to render such a judgment or issue such an execution, and because neither the court of ordinary nor the ordinary of Heard county had jurisdiction to render such a judgment or issue such a *fi. fa.* against the affiant, who was a citizen of Carroll county.

On demurrer, the affidavit of illegality was stricken, and the defendant excepted.

G. W. AUSTIN, by brief: R. J. JORDAN. for plaintiff in error.

REESE & ADAMSON, for defendant.

HALL, Justice.

The material question made by this record is, whether, upon a citation by an administrator, calling upon all the distributees to be present at the settlement of his accounts before the ordinary, that officer has jurisdiction to award a judgment and enforce its collection in favor of the administrator against a distributee, who, upon taking the account, appears to have received from the administrator more than his distributive share was ascertained to be worth. Prior to the code, a court of ordinary had no such jurisdiction over the settlement of intestate estates. By §2598 of the code, it was provided that any person interested as distributee or legatee may, after the expiration of one year from the grant of administration, cite the administrator to appear before the ordinary for a settlement of his accounts, or if the administrator chooses, he may

cite all the distributees to be present at a settlement of
his accounts by the ordinary ; and such settlement shall be
conclusive upon the administrator and upon all the dis-
tributees who are present at the hearing.

By §2599, *Id.* it is declared that, upon proof of such
citation by a distributee, the ordinary may proceed to
·make an account, to hear evidence upon any contested
question and settle finally between the distributee and
administrator; and that such settlement may be enforced
by execution or attachment for contempt  either party
having the liberty of appeal.

. Section 2600, *Id.* preserves the concurrent jurisdiction
of courts of equity over the settlements of accounts of ad-
ministrators.   The power to issue a citation at the instance
of an administrator to all the distributees is inserted be-
tween the first and last clauses of the first section cited.
It seems to be parenthetical, and the rights of the distrib-
utees and the power of each of them to enforce those
rights would be as ample without its interposition as with
it.   The next section of the code does not, by its terms
or by inference deducible from any general expression it
contains, confer any power or authority upon the ordinary
to enter a judgment or issue an execution to enforce it
·against any distributee who may be found in arrears to
the representative of an estate; growing out of any cause
whatsoever.   Where the proceeding is at the instance of
an administrator, he is compelled to cite all of the distrib-
utees to be present.   If, however, it is at the instance of
distributees, any one of them may institute it without join-
ing the others, and the administrator is bound to account
to and with the distributee thus instituting it, and is liable,
either upon an execution or an attachment for contempt,
to pay the amount found against him.   This liability arises
upon the proof of a citation by a distributee and the mak-
ing of an account between the distributee and administra-
tor thereon.

. Neither by its terms nor intendment is any such remedy

given an administrator against a distributee, who appears indebted to the estate on account of an overpayment made by the administrator. We are satisfied that a court of equity would have no power to entertain a suit for such a purpose at the instance of a representative against one or all of the distributees of an estate, and to decree in his favor such process as that issued in this case. We have held that this proceeding before the ordinary is a substitute for a bill at the instance of a distributee or distributees, or a legatee, against an executor or administrator for the settlement of his accounts with the parties entitled to the estate. *Brantley, adm'x, vs. Greer, guardian,* 71 *Ga.* 11, 13.

Surely the legislature did not intend to confer upon the ordinary larger powers than those exercised by courts of equity in such cases.

By the code, § 4180, legatees, distributees and wards, suing executors, administrators and guardians, need not join others interested in such estate as parties complainant or defendant, unless some special adverse claim is set up against such co-distributee or legatee, and this is so notwithstanding the general rule that all persons interested in the litigation should be parties to a bill. This proviso seems to have been followed in conferring this power upon the ordinary. On the other hand, it is well settled that, equity will not interfere with the regular administration of an estate except upon the application of a representative, either, first, for construction and direction, second, for marshalling assets, or upon application of any person interested in the estate, where there is danger of loss or other injury to his interest. Code, §3144.

In cases of difficulty in construing wills or in distributing estates, in ascertaining the persons entitled or in determining under what law property should be divided, the representative may ask the direction of a court, but not on imaginary difficulties or from excessive caution. *Id.* §3145. Again, in all cases where legal difficulties arise as

to the distribution of assets or payment of debts, or where from any circumstances the ordinary process of law would interfere with the due administration without fault on the part of the representative of an estate, a bill to marshal assets will be maintained at his instance.    Code, §3146. It is believed that no instance can be found of a bill brought by an executor or administrator to compel legatees or distributees to settle his accounts with him and to recover from them, or either of them, any amount he may have overpaid them, or any of them, in administering the estate, unless it is shown that the overpayment was the result of circumstances over which he had no control, and that he·was free from fault in making it.    A bill for an account by a legatee or distributee need not offer to pay the balance if found against complainant.    *Wells et al. vs. Strange,* 5  *Ga.* 22, 28 ,  Code, §3136.

Had the suit been at the instance of this particular distributee, the administrator could undoubtedly have set off against his claim any overpayment made and have had an execution for the balance that appeared to be due him. but where the suit is brought by the administrator against a distributee, it does not follow that a similar decree could be had.    It seems certain that such a decree in favor of the administrator could not be enforced by attachment for contempt.    In case of overpayment, an executor or administrator may recover the excess by an action at law against the legatee or distributee.    *Culbreath vs. Culbreath,* 7  *Ga.* 64.

This is not a mistake relievable by a court of equity, as the party by reasonable diligence could have had knowledge of the truth, nor will ignorance of a fact known to the other party justify interference, unless there has been misplaced confidence, misrepresentation or other fraudulent act done by him.    Code, §3126.    And even ignorance of a fact by both parties does not justify the interference of a court of equity.    Code, §3127.    There is no doubt as to the jurisdiction to award the process to a citation issued

at the instance of a distributee. While it is true that the court of ordinary is not created by statute, but is a constitutional court, and as such is clothed with original, general and exclusive jurisdiction, except by appeal, in the most comprehensive terms, over testate and intestate estates, it is equally true that nothing is to be presumed in favor of jurisdiction, but when the jurisdiction is shown, everything will be intended in favor of the judgments of the court, and it must be taken to have judged rightly unless the contrary appears. *Tucker vs. Harris,* 13 *Ga.* 1.

The jurisdiction in question is statutory, not constitutional; is conferred not upon the court of ordinary, but upon the judge of that court by name. This jurisdiction originated with the code of 1863, and prior to that time had no existence in our law; it is special and limited and cannot be enlarged by intendment. If, as we think, the ordinary had no jurisdiction to render the judgment or to issue the execution in this case, his act, especially as to the latter, was *coram non judice* and void, and the affidavit of illegality was the proper remedy to arrest that proceeding.[*]

It is a fact, not without significance, that it would seem optional with any distributee, cited by the administrator to appear before the ordinary to witness the settlement of his accounts, to be present or not at the making of the settlement, and unless he was present, he would not be bound by the same. It is to be remarked, too, that the settlement embraces, by the terms of the act, only accounts with the estate which he represents, and not those which he holds against each of the legatees separately.

For these reasons we are of the opinion that there was error in sustaining the plaintiff's demurrer to this affidavit of illegality, and we are constrained, therefore, to order the judgment reversed.

[*] See 22 Am. Dec. 508.