IRVINE, administrator, *v.* IRVINE, administratrix.

A permanent administrator of the estate of a decedent is exempt, for twelve months from the date of his qualification, from a suit by the temporary administrator of the estate for an accounting and settlement of claims presented by the temporary administrator for money advanced by him and used for the estate while acting as temporary administrator, and for compensation for extraordinary services.

AUGUST 18, 1916.

Exception to auditor's report. Before Judge Mathews. Bibb superior court. June 25, 1915.

W. S. Irvine, who had been temporary administrator of the estate of E. D. Irvine, filed a petition in the court of ordinary against Sarah E. Irvine as permanent administratrix of the estate of E. D. Irvine, calling upon her for an accounting and settlement of certain claims asserted against the estate by the petitioner. It was alleged, in the petition as amended, that during the period intervening between November 5, 1910, and June 3, 1911, the petitioner, acting as temporary administrator of the estate, operated the business of his intestate under order of the court of ordinary, and during the time advanced to the estate a stated sum as shown by his report, and borrowed from a named bank, for the use of the estate, another sum of money; that certain moneys collected by him as administrator, which belonged to factories for which the estate was acting as agent, had been used by him as temporary administrator for the benefit of the estate before he had been able to ascertain whether it belonged to the estate or to the factory; that during the period above mentioned the petitioner devoted a greater part of his time and personal attention to the conduct of the business of the estate, and in doing so rendered extraordinary services for which he was entitled to compensation to be fixed by the court, which services were such as were generally performed by a person in charge of a musical merchandise business, including selling, looking after collection of accounts, keeping books, buying goods to replenish stock, paying the operating expenses of the business, and general superintendence of the work; and that "the permanent administratrix has been in charge of said estate for over a month." A demurrer to the petition was filed, and was sustained by the ordinary. The petitioner entered an appeal to the superior court. The case was then referred to an auditor. A report was filed, wherein the auditor ruled that the demurrer should be sus-

tained on the ground that the action for an accounting was prematurely brought, in that it appeared that the petition was filed within less than twelve months from the date of the appointment of the permanent administrator. Exception to the auditor's report was filed, and was overruled. The plaintiff excepted.

*R. S. Wimberly,* for plaintiff.

*Ryals & Anderson,* for defendant.

ATKINSON, J. The sole question for decision is whether during the twelve months next ensuing after the appointment and qualification of the administratrix she was exempt from suit for an accounting and settlement of claims of the character set out in the petition. The claims were for money alleged to have been expended by the temporary administrator from his private funds, for other money borrowed from a bank in carrying on the business of the intestate, and for compensation for his services as temporary administrator. The effort was to require payment of these demands from the property of the estate. The permanent administratrix was charged by law with the duty of administering the property of the estate. This involved payment, among other things, of demands against the estate in favor of other persons, according to their several priorities, and distribution of any residue to the heirs at law. Civil Code, § 4000. For failure to comply with the duty of an administrator the administratrix and her bondsmen would be liable to any one injured directly by such failure. Civil Code, § 3972. The administrator's duty to a large extent relates to conditions which the administrator did not bring about, and transactions carried on by the decedent to which the administrator was not a party. Where claims are presented for payment from the assets of the estate in the hands of the administrator, it is but reasonable that the administrator should have opportunity, not only to investigate the validity of the claims, but to make provision for their payment in case they should be found binding against the estate. Recognizing the conditions under which administrators are appointed and required to act, it is declared in the Civil Code, § 3997: "The administrator shall be allowed twelve months from the date of his qualification to ascertain the condition of the estate." In the Civil Code, § 4015, referring to administrators other than administrators de bonis non, it is declared: "No suit to recover a debt due by the decedent shall be commenced against

the administrator until the expiration of twelve months from his qualification." In the Civil Code, § 4073, which has reference to the final settlement of administrators' accounts, it is declared, among other things: "Any person interested as distributee or legatee may, after the expiration of one year from the grant of administration, cite the administrator before the ordinary for a settlement of his accounts." In the Civil Code, § 4077, par. 2, stating certain rules with regard to settlements by administrators, it is provided that "no interest shall be charged either way for the first year, as one year is now allowed by law for the collection of assets and to ascertain the indebtedness of an estate." These provisions of the code show the well-defined policy of the law, that an administrator shall not be called to account and pay claims against the estate, out of the assets in his hands for administration, before the expiration of one year from the date the administrator qualifies. Other provisions which recognize the policy just mentioned are Civil Code §§ 3999, 5596, 5599, 5304. In *Cunningham* v. *Schley,* 34 *Ga.* 395, it was said by Walker, J., citing several of the code sections alluded to above: "After the expiration of one year from the grant of administration any distributee may cite an administrator to appear before the ordinary, who is authorized 'to settle finally' between the parties. . . The ordinary may order the distribution of the estate in kind; but we apprehend this could not take place in less than twelve months, for 'the administrator shall be allowed twelve months from the date of his qualification to ascertain the condition of the estate.' . . 'No suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of twelve months from his qualification.' . . These are all the provisions we find authorizing the ordinary to make a settlement of the affairs of the estate; and we think all taken together show clearly that no proceedings can be sustained against the administrator for a settlement, either final or partial, within the twelve months." The case of *Fry* v. *Lofton,* 45 *Ga.* 171, was one in which an executrix had employed an attorney at law to represent her in winding up and settling an estate. In a suit by the attorney against the executrix for the fees promised in the contract of employment, it was held that the action was instituted prematurely. In the course of the opinion by Warner, C. J., it was said: "The plaintiff was not entitled to recover on

the alleged special contract, because the suit was instituted before the expiration of twelve months from the time of the defendant's qualification as executrix, the shortest time in which the estate could have been settled and wound up according to law." The attorney's fees involved in that case, like the compensation of the temporary administrator sought to be recovered in the present case, were sued for on the basis of being expenses of administration. In the Civil Code, § 4000, par. 3, payment of expenses for administration are provided for, and the first part of the section classifies them as "debts of the decedent;" thus bringing them within the language of the Civil Code, § 4015, hereinbefore mentioned, which declares twelve months exemption from suit in behalf of the administrator.

The other demands of the plaintiff for money used for the benefit of the estate by him as temporary administrator, whether regarded as expenses of administration or as debts or claims of other character against the estate, created after the death of the intestate, are sought to be established as liabilities of the estate and payment thereof made from assets of the estate through the instrumentality of a suit for an accounting and settlement. In this view, the case is within the ruling in *Cunningham* v. *Schley,* supra, that "no proceedings can be sustained against the administrator for a settlement, either final or partial, within the twelve months."

The case is entirely different from those which involved suits against administrators to recover property in their possession that did not belong to the estate, and suits for mismanagement by the administrator and waste of the estate, or to establish some right against the estate not involving payment of money by the administrator from the assets in his hands for administration.

*Judgment affirmed. All the Justices concur.*