## BELCHER v. O'SHIELDS.   McGRATH v. O'SHIELDS.

The court did not err in overruling the demurrer based on the grounds that there is no equity in the petition, and that there is a misjoinder of causes of action and of parties defendant.

Nos. 1806, 1807.   June 18, 1920.

Equitable petition.   Before Judge Pendleton.   Fulton superior court.   November 10, 1919.

H. T. O'Shields brought suit against James E. Belcher and W. R. McGrath, alleging substantially as follows:   Plaintiff is the owner of all the capital stock of the Mell Plumbing Company, and he agreed to sell the defendant McGrath 29 shares of this stock for the sum of $1,450.   McGrath worked for the Mell Plumbing Company until August 18, 1918.   The stock was not issued until May, 1918, when plaintiff issued in the name of McGrath the 29 shares of capital stock and placed it in a drawer in the office of the company.   The stock was not delivered to McGrath, and was not intended to be delivered to him until an agreement could be entered into whereby the stock was to remain the property of the plaintiff until it was fully paid for.   The whole stock of the corporation was owned by plaintiff, and McGrath had access to the office, books, and files of the corporation.   McGrath has never paid anything on the purchase-price of the stock, and it was never delivered to him, and soon after he left the employment of the corporation in August, 1918, he surrendered the stock and sent it to the plaintiff, who filed it away; and it has never been delivered, and the title thereto is still in plaintiff, it not having been transferred to McGrath.   On March 18, 1919, plaintiff agreed to sell the business of the Mell Plumbing Co. to the other defendant, James E. Belcher, who agreed to purchase the business, including the good-

will, for the sum of $3250, to be paid in installments, and has paid to plaintiff the sum of $1500 on account of the purchase-price of the business and still owes to plaintiff the sum of $1750, which Belcher states that he is ready and anxious to pay, but refuses to do so until the stock which was issued in the name of McGrath has been transferred to him. McGrath refuses to transfer the stock, and has instituted an action of trover in the city court of Atlanta for the recovery of the stock. McGrath owned no interest in the stock whatsoever, although the same was issued in his name; and since the contract of purchase was made by Belcher he employed McGrath, and they together have colluded in order to defeat the plaintiff's claim to the balance of the purchase-price due on the business. The trover suit for the recovery of the stock was filed by McGrath at the instance and request of Belcher; and although the stock on its face shows it to be the property of McGrath, in point of fact he has not paid for it and is not the owner of it. The plaintiff is without any remedy at law; and unless a court of equity intervenes, a multiplicity of suits will result. Belcher is insolvent, and he can procure McGrath to prolong the litigation over the stock in the city court, and can control and dictate his course of procedure; and plaintiff will be unable to collect the amount due him for the balance of the purchase-price of the plumbing business, because Belcher is using and is disposing of the merchandise on hand, and the stock has become considerably reduced since he contracted to buy it. On May 19, 1919, Belcher wrote to plaintiff that he was ready to pay the $1750 balance, provided the McGrath stock was transferred to him. The written contract made between plaintiff and Belcher was attached to the petition by amendment. The plaintiff prayed, that the title to the shares of stock of the Mell Plumbing Co., issued in the name of McGrath, be decreed to be in plaintiff; that the suit pending in the city court be enjoined until the issues made by the present action are determined that a receiver be appointed to collect from Belcher the sum of $1750, the balance due plaintiff from the assets of the Mell Plumbing Co.; and that the receiver hold the funds until the title to the stock is decreed in plaintiff and until it can be transferred to Belcher in accordance with the contract. He also prays for judgment against Belcher for the sum of $1750 in the event he fails to pay over that amount to the receiver to be appointed by the court; and for general relief.

Belcher demurred both generally and specially to the petition, on the grounds, first, that it sets forth no cause of action; second, that there is a misjoinder of parties defendant, for the reason that the cause of action alleged against one defendant is not the same as that alleged against the other, and that the relief prayed against each defendant is not the same, the subject-matter of the alleged cause of action against Belcher being a breach of contract, whereas the subject-matter of the alleged cause of action against McGrath is a conversion of personal property; third, because it appears from the petition that the plaintiff has a complete and adequate remedy at law, because any claim of the plaintiff against Belcher upon the contract can be set up and determined in a common-law action for damages. After the plaintiff amended his petition by attaching the contract between him and Belcher, the court overruled the grounds of demurrer, and to this judgment the defendants excepted.

*McCallum & Sims,* for plaintiffs in error.

*Walter A. Sims,* contra.

HILL, J. (After stating the foregoing facts.) The two above-stated cases are identical in their facts, the same questions are involved in each, and they will therefore be considered together.

The petition set forth a good cause of action, and the court did not err in overruling the demurrer to the petition as amended. The facts of the petition, which are well pleaded, are admitted on demurrer. It is alleged that Belcher and McGrath entered into a conspiracy in order to defeat the claim of O'Shields, the plaintiff, for the recovery of the balance of the purchase-price ($1750) for the stock, merchandise, and good-will of the plumbing business which O'Shields had sold to Belcher. This court has held: "Where a debtor and other persons enter into a fraudulent scheme or conspiracy for the purpose of defeating the collection of a debt due by the former, and in pursuance of the conspiracy do a number of fraudulent and unconscionable acts, the effect of which, if permitted to stand, would be to destroy the creditor's lien upon the property subject to the payment of this debt, the latter may by equitable petition against all the conspirators, setting forth the facts and containing appropriate prayers, not only obtain a money judgment or decree against the debtor, but also have such other relief against his codefendants as the particular facts and circumstances of the case will justify. A petition of this kind is not multifarious nor

demurrable for misjoinder of parties or for misjoinder of causes of action." *Vaughn* v. *Georgia Co-operative Loan Co.,* 98 *Ga.* 288 (25 S. E. 441). It is true in the instant case that the plaintiff had no lien against the property sold, and in this regard it is differentiated from the *Vaughn* case; but other features of the case entitle the plaintiff to equitable relief. It was alleged in the petition that one of the defendants, McGrath, had instituted an action of trover in the city court of Atlanta for the recovery of the stock in the company, although he owned no interest in it, but that the two defendants had "colluded together" in order to defeat the plaintiff's claim to the $1750, the balance of the purchase-price of the business, etc., sold by him; and that the scheme of maintaining the suit, Belcher being *insolvent,* was for the purpose of prolonging the litigation in order that the plaintiff will be unable to collect the amount due him, etc. It is also alleged that unless a court of equity intervenes, a multiplicity of suits will result. We do not think that the argument of the plaintiff in error, that the petition shows that plaintiff has not complied with his contract, is tenable. The petition as a whole sets out facts which entitle the plaintiff to equitable relief, and the court did not err in overruling the general demurrer for any reason assigned therein.

Nor is there merit in the ground of the demurrer to the effect that the petition is multifarious. This court has held that it is not indispensable that all the parties should have an interest in all matters in the suit. It is sufficient if each party has an interest in some matter in the suit, which is common to all, and they are connected with others. *Worthy* v. *Johnson,* 8 *Ga.* 237 (52 Am. D. 399); *Blaisdell* v. *Bohr,* 68 *Ga.* 56; *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97); *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (3), 384 (75 S. E. 418).

　　　　　　*Judgment affirmed.　All the Justices concur.*