### THOMPSON *v.* ALLEN, administratrix, *et al.*

HINES, J. J. P. Thompson was the executor of Pink Thompson. He died before completing the administration of the estate of his testator. An administratrix de bonis non cum testamento annexo was appointed on the estate of the testator. The executor died intestate, and his wife was appointed administratrix upon his estate. She made a final return of the acts of her husband as such executor. This return embraced certain claims in favor of the executor for money paid out for the use, benefit, and maintenance, during his administration as executor and guardian, of certain children of the testator who were legatees under the will of the testator. Said administratrix of the testator filed objections to the final return and the claims against said children of the testator. On the hearing before the ordinary, such of said children as were of age appeared personally and by attorney, and one of them, who was a minor, appeared by his guardian, who was the administratrix of the testator. The guardian was represented by an attorney. The parties reached an agreement as to the amounts due on said - claims. The ordinary rendered a judgment approving said final return, and awarding judgment against each of the children for the respective amount agreed to be due by each to said executor. This judgment was rendered on November 22, 1915. The administratrix of the executor was duly discharged. On February 20, 1923, she filed her equitable petition against the administratrix of the testator and his children, in which she alleged that the estate of said testator consisted of a house and lot, that the administratrix had not sold said property and settled with the legatees of the testator, though they were of age, that she had never paid the aforesaid judgment, though the interest of each of said four children in the estate is more than enough to pay each item of said judgment, which is one against the estate of testator and to be paid therefrom. She prayed that the administratrix of the testator be required to sell said land, and out of each child's interest in the proceeds pay the amount awarded in said judgment against each of said children. She further alleged that said administratrix and said children were acting in collusion to defeat the payment of said judgment. She further alleged that she was the sole heir at law of said executor, that she wound up his estate and was discharged, and that she as administratrix turned over to herself as the sole heir of the said executor, who was her husband, such judgment, which action was approved by the ordinary, and that she is therefore the owner thereof and entitled to its collection. The administratrix of the testator and said children demurred separately to said petition, on the grounds: (1) that it does not set out any cause of action, legal or equitable; (2) that it affirmatively appears. therefrom that plaintiff has no right to maintain this action; (3) that plaintiff has a complete and adequate remedy at law; and (4) that there is no equity in said petition. The trial judge sustained these demurrers and dismissed the petition. To this judgment the petitioner excepted. *Held:*

1. Upon the hearing before the ordinary, of objections filed by the testa-

tor's administratrix de bonis non cum testamento annexo, to a final return of the acts and doings of the executor of such testator, made by the administratrix of such executor, who died intestate before completing the administration of the testator's estate, that officer was without jurisdiction to award a judgment in favor of the administratrix of the executor against said administratrix of the testator or against the children of the testator who were legatees under his will, for money paid by the executor for the use, benefit, and maintenance of such children. *Echols* v. *Almon,* 77 *Ga.* 330 (1 S. E. 269). Such judgment is a nullity. *Western Union Tel. Co.* v. *Taylor,* 84 *Ga.* 408 (11 S. E. 396).

2. Parties by consent can not give jurisdiction to the court as to the subject-matter of the suit. Civil Code (1910), § 5663; *Smith* v. *Ferrario,* 105 *Ga.* 51, 53 (31 S. E. 38).

3. It follows that the trial court properly sustained a demurrer to a petition brought by the widow and sole heir of the executor against said administratrix and children of the testator, to enforce said judgment by requiring such administratrix to sell the property of the testator, which consists of a house and lot, and out of the interest of each child in the proceeds pay the amount found to be due by each to the executor by said judgment.

4. This renders it unnecessary to pass upon other assignments of error.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 4860. June 20, 1925.

Equitable petition. Before Judge Hodges. Elbert superior court. March 9, 1925.

*Z. B. Rogers,* for plaintiff in error. *Tutt & Brown,* contra.