28887. FULFORD, administrator, *v.* SWEAT & GASKINS.

DECIDED APRIL 28, 1941. ADHERED TO ON REHEARING JULY 24, 1941.

*Lee S. Purdom,* for plaintiff.

*Memory & Memory, Eldon L. Bowen,* for defendant.

FELTON, J. A. J. Fulford was appointed administrator of the estate of Mrs. D. L. Fulford on January 1, 1940. On April 1, 1940, he filed his petition for discharge. Sweat & Gaskins filed a caveat objecting to the discharge on the ground that the estate was indebted to them on a mortgage for $300, executed by Mrs. D. L. Fulford, which had not been paid. The ordinary discharged the administrator and Sweat & Gaskins appealed to a jury in the superior court. The judge of the superior court, trying the case without a jury, rendered a judgment against the discharge of the

administrator. The court tried the issue on an agreed statement of facts which showed a dispute between the parties as to whether the mortgage had been discharged by an agreement between Sweat & Gaskins and the administrator. It was agreed by counsel that the issue in the case was whether the court of ordinary could adjudicate such a disputed claim in such a proceeding. The administrator excepted to the judgment finding against the discharge of the administrator.

The trial in the superior court was a de novo proceeding in which the jurisdiction of the court was the same as that of the court of ordinary. The judgment was that the court of ordinary had no jurisdiction to decide the issue as to whether the mortgage had been settled. Under the facts of the case there was no error in the judgment so finding, and refusing to discharge the administrator. Neither the ordinary nor the court of ordinary has jurisdiction to decide an issue as to whether or not one is or is not indebted to an estate, in a proceeding between the representative of the estate and an alleged creditor. *Brooks* v. *Brooks,* 184 *Ga.* 872 (193 S. E. 893) ; *Durham* v. *Durham,* 107 *Ga.* 285, 287 (33 S. E. 76) ; *Lyons* v. *Armstrong,* 142 *Ga.* 257 (82 S. E. 651). Such jurisdiction is of statutory origin, and has not been conferred by statute in this State. 24 C. J. 396, § 1109, note 48; 2 Woerner's Law of Administration, 361, § 153; 879, § 391. Where a court is without jurisdiction to deal with a subject-matter its attempt to do so is ineffectual whether the want of jurisdiction is urged before the court or not. *Craddock* v. *Kelly,* 129 *Ga.* 818, 825 (60 S. E. 193) ; *Dix* v. *Dix,* 132 *Ga.* 630 (64 S. E. 790).

The determination by the ordinary of such an issue will not be regarded as an arbitration. *Dix* v. *Dix,* supra, disapproving the contrary statement in *Durham* v. *Durham,* supra. The application for discharge here was made before the expiration of twelve months from the appointment of the administrator. What effect would result from the failure or refusal of a creditor to have his claim adjudicated after twelve months from such appointment, and its effect on the question of the discharge of the administrator, are questions which are not before us for determination. The court did not err in finding that a court of ordinary was without jurisdiction to determine the issue submitted, and in finding against the discharge of the administrator.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*