WILLIAMS *v.* STATE HIGHWAY BOARD OF
GEORGIA *et al.*

No. 14299. November 13, 1942.

20

*J. B. G. Logan* and *G. P. Martin,* for plaintiff.

*John T. Ferguson, Preston Rawlins, J. T. Murray, William D. Turner,* and *R. H. Gordon,* for defendants.

DUCKWORTH, Justice. ■ Ground 2 of the county's demurrer questions the court's jurisdiction of the non-resident State Highway Board. This is the only ground of demurrer ruled on that raised the jurisdictional question; and it was error to sustain the same, since the resident defendant was not authorized to raise the question. The question of jurisdiction is personal, and can not be raised by a codefendant. *Rice* v. *Tarver,* 4 *Ga.* 571 (4); *Roberts* v. *Burnett,* 164 *Ga.* 64 (5) (137 S. E. 773). Whether or not the non-resident defendant could raise this jurisdictional question by general demurrer (see Code, § 81-209; *Hadden* v. *Fuqua,* 192 *Ga.* 668, 675, 16 S. E. 2d, 737; *Ray* v. *Hicks,* 146 *Ga.* 685 (2), 92 S. E. 48; *Ruis* v. *Lothridge,* 149 *Ga.* 474 (2), 100 S. E. 635), the judgment expressly states that the general demurrer of the non-resident State Highway Board was not ruled on.

■ Both the special demurrer of the highway board and grounds 3 and 4 of the demurrer of the county assailed the petition on the ground that it is multifarious, and the court sustained these demurrers. While it is true, as stated in *George W. Muller Bank Fixture Co.* v. *Southern Seating & Cabinet Co.,* 147 *Ga.* 106 (92 S. E. 884), that "A suit in equity, based on separate and distinct claims against different persons, where there is no common right to be established, will be dismissed on demurrer on the ground of multifariousness," and this rule was applied in *Ansley* v. *Davis,* 140 *Ga.* 615 (79 S. E. 454), *Gordy* v. *Levison,* 157 *Ga.* 670 (122 S. E. 234), *Whiddon* v. *Southern Auto Finance Co.,* 186 *Ga.* 726 (198 S. E. 729), and *Polk* v. *Slaton,* 187 *Ga.* 620 (1 S. E. 2d, 402), yet this rule will not be expanded to include cases where there is a common right to be established. In the present case, as against the highway board, the relief sought is cancellation of a deed to the right of way on which the county has constructed a road. In order to entitle the plaintiff to recover from the county the value of the land appropriated for highway purposes, it is essential that the plaintiff show title in himself to this land. Consequently, when the plaintiff seeks to make this showing by cancellation of the deed conveying title out of himself into the highway board, he thereby threatens the interest of the county and renders the county a party interested in the claim against its code-

fendant, the highway board. The rule applicable to this state of facts is declared in *Worthy* v. *Johnson,* 8 *Ga.* 236 (52 Am. D. 399), as follows: "To sustain a bill against the charge of multifariousness, it is not indispensable that *all* the parties should have an interest in all the matters contained in the suit. It is sufficient, if each party has an interest in some matter in the suit, which is common to all, and they are connected with others." This rule was applied in *Blaisdell* v. *Bohr,* 68 *Ga.* 56 (2); *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97); *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (3) (75 S. E. 418); *Belcher* v. *O'Shields,* 150 *Ga.* 298 (103 S. E. 492); *Battle* v. *Royster Guano Co.,* 155 *Ga.* 322 (118 S. E. 343). As stated, "it is sufficient if each party has an interest in some matter in the suit which is common to all." Each party in the present case has an interest in the deed from the plaintiff to the highway board, which this suit seeks to cancel; and this interest is common to both. Hence the petition is not subject to the criticism that it is multifarious, and it was error to sustain the grounds of demurrer raising this question.

■ The other ground of the county's demurrer is general, asserting that the petition alleges no cause of action. In the absence of the highway board as a codefendant and the allegations and prayer for cancellation of the deed to the highway board, the petition would be subject to this attack in so far as it seeks a recovery of the value of the land appropriated to highway purposes; but, under the foregoing rulings, the highway board is a party, and these allegations are in the petition; and hence a cause of action is stated. Furthermore the petition alleges a cause of action for damages resulting from the construction of the highway. There was no merit in the general demurrer of the county, and it was error to sustain the same.

*Judgment reversed. All the Justices concur.*