31166. MURPHY, administrator, *v.* HUNT *et al.,* administrators.

708

DECIDED APRIL 4, 1946.   REHEARING DENIED APRIL 18, 1946.

*Luther H. Zeigler,* for plaintiff.

*A. Leopold Alexander,* for defendants.

SUTTON, P. J. (After stating the above facts.) ▮ There is no merit in the contention of the administrator, that the petition against him should be dismissed because it was directed to the ordinary of Chatham County, Georgia, and not to the court of ordinary of that county. Courts of review in this State have always treated "ordinary" and "court of ordinary" as interchangeable terms when used in a pleading before the ordinary or in the court of ordinary. *Trust Company of Ga.* v. *Smith,* 54 *Ga. App.* 518 (1) (188 S. E. 469), and cit.; *Comer* v. *Ross,* 100 *Ga.* 652 (28 S. E. 387). The petition in the present case sought to have the administrator de bonis non cum testamento annexo of the estate of Mrs. Honora Purvis, deceased, show cause before the court in which the estate was being administered why he should not be authorized and directed to pay out of funds of the estate in his possession three items, which the petitioners contended were

items of expense and cost of administration incurred by them while they were the legal representatives of the estate. The first item was the sum of $432.92, claimed to have been due George A. Mercer Sr., at the time of his death, as commissions for his services as executor of said estate. Under the allegations of the petition it appears that George A. Mercer Sr. died testate, and that the petitioners were nominated in his will as executors. The allegations show that they qualified as executors of his will on February 10, 1941, and have since been acting as such executors; and, as such executors, the petitioners would stand in the same place with reference to any commissions due to George A. Mercer Sr. by the estate of Mrs. Honora Purvis as he would stand, were he alive. The unsigned paper in the form of a will, which was prepared for George A. Mercer Sr. prior to his death, was a mere nullity in so far as it purported to be his will, and his will was the one dated June 18, 1940, in which the petitioners were nominated as executors.

The second item in the petition was for $75.53, allegedly due George W. Hunt as commissions for his services as executor of the estate of Mrs. Honora Purvis. The petition alleges that George W. Hunt was confirmed as executor of the will of Mrs. Honora Purvis, on September 1, 1943, and that he acted as such executor from November 14, 1940, until June 13, 1944.

The third item set out in the present petition was the auditor's fee to O'Brien & Company. The petition alleged, in substance, that the company's services were obtained by George W. Hunt, at the request of Walter B. Murphy, the administrator de bonis non cum testamento annexo, which request was made at or about the time of the qualification of the administrator; that the audit was made by O'Brien & Company and delivered to George W. Hunt, who turned it over to the administrator along with the other assets of the estate. "Among the expenses of administration shall be included and allowed the expenses of such agents as the administrator finds it necessary to employ. . . The existence of the necessity shall be satisfactorily shown to the ordinary." Code, § 113-2009. Whether or not the audit of the estate of Mrs. Honora Purvis was made by O'Brien & Company as an agent of the legal representative of the estate, and whether or not it was

necessary for such legal representative to employ an agent to make this audit, were matters for the ordinary to determine.

All three items set out in the petition were claimed by the petitioners to be proper items of cost and expense of administering the estate of Mrs. Honora Purvis, which estate was still pending in the court of ordinary of Chatham County, Georgia. The Code, § 24-1901, provides in part: "Courts of ordinary have authority to exercise original, exclusive, and general jurisdiction of the following subject-matters: . . 7. The auditing and passing returns of all executors, administrators, and guardians. . . 10. All such other matters and things as appertain or relate to estates of deceased persons;" and among the necessary incidents appertaining to the administration of an estate of a deceased person in the court of ordinary is the ascertaining and adjusting by such court of the various items which are to be allowed as items of expense of administration and paid as such. While the commissions of a legal representative of an estate are declared by the Code to be proper items of expense of administration (§ 113-2001), the amount of such commissions, whether or not the commissions have been forfeited by the representative in one of the ways provided by law, or paid, in whole or in part, by a previous representative, or retained by such representative on a final return made by him in said court, are all matters peculiarly within the purview of the court wherein the estate is being administered, and are matters which may be determined in that court. The petition in this case is not one where creditors of an estate are seeking a judgment against the estate in the court of ordinary, but the petition is one, by former representatives of the estate—which is still pending in the court of ordinary—to have that court, by proper order, ascertain and determine which, if any, items of interlocutory costs and expense incurred by them, or owing to them, shall be included as items of costs or expenses of administration by the court in fixing the costs and expenses of administering the estate, and paid as such costs and expense in the distribution of the estate.

The cases cited and relied on by the plaintiff in error are distinguishable on their facts from the present case. In *Echols* v. *Almon,* 77 *Ga.* 330 (1 S. E. 269), the Supreme Court held that the court of ordinary was without jurisdiction to issue an execu-

tion in favor of an administrator against one of the distributees of the estate for a claimed overpayment, as that was a personal issue between the administrator and the distributee to be adjudicated in a court of law. In *Dix* v. *Dix,* 132 *Ga.* 630 (64 S. E. 790), the court held that there was no provision of law for the trial in the court of ordinary of a claim to property set apart to a widow as a twelve-month's support. In *Thompson* v. *Allen,* 160 *Ga.* 535 (128 S. E. 773), the Supreme Court held that the court of ordinary was without jurisdiction to award a judgment in favor of an administratrix of the executor of an estate against the children of the testator, who were legatees under his will, for money paid by the executor for the use and maintenance of such children. In *Cook* v. *Weaver,* 77 *Ga.* 9, the Supreme Court held that the power to cite an executor to a settlement in the court of ordinary had reference to an executor who was acting, and not to an executor who had been discharged. In *Ballard* v. *Zachry,* 54 *Ga. App.* 101 (187 S. E. 139), this court held that it was only an executor or administrator, standing in the relationship of an officer of court to the court of ordinary, who could be called to an accounting in that court with respect to his acts in the management of the estate. In each of those cases, the proceeding was one dealing with a claim to property, or a personal claim in favor of or against the administrator or executor, or a claim against a person who was not an officer of the court in which he was cited to appear. In the present case, no judgment is sought against the estate, nor is there any personal issue between the petitioners and the administrator de bonis non cum testamento annexo, but the petition is one to have the court of ordinary determine whether or not certain items are to be allowed as costs of administration and paid as such, and the administrator is an officer of the court in which he is cited to appear.

The petition in the present case, being one to fix interlocutory costs and expenses of administration, was within the jurisdiction of the court of ordinary as a matter necessary to the administration of an estate of a deceased person; and the court did not err in overruling the motion in the nature of a general demurrer to dismiss the petition for want of jurisdiction in the court of ordinary to grant the relief prayed for in the petition.

In ground 1 of the demurrer, the administrator contends

that the present petition is multifarious, in that it contains three distinct, unconnected, and independent causes of action against him: (1) an alleged cause of action in favor of George A. Mercer Jr. and George W. Hunt, as executors of the estate of George A. Mercer Sr.; (2) an alleged cause of action in favor of George W. Hunt, individually; and (3) an alleged cause of action in favor of O'Brien & Company. There is no merit in this contention. The petition in the present case has but a single defendant or respondent, the administrator de bonis non cum testamento annexo of the estate of Mrs. Honora Purvis, and but a single subject-matter, the ascertaining and adjusting by the court of three disputed items as interlocutory costs and expenses of administration; and each of the petitioners has an interest in having the costs and expenses of administration fixed by the court of ordinary and paid as such out of the assets of the estate in the hands of the administrator. The petition was not multifarious, as containing three distinct, unconnected, and independent causes of action, and the court did not err in overruling ground 1 of the demurrer. In this connection, see *Blaisdell* v. *Bohr,* 68 *Ga.* 56 (3); *City Bank of Macon* v. *Bartlett,* 71 *Ga.* 797; *Crandall* v. *Shepard,* 166 *Ga.* 396, 400 (143 S. E. 587); *Williams* v. *State Highway Board,* 195 *Ga.* 18 (22 S. E. 2d, 821).

■ In grounds 2, 3, and 22 of the demurrer, the administrator contends that no cause of action is set out in the petition as to the auditor's fee allegedly due O'Brien & Company, in that it did not appear that the petitioners had the right to maintain the proceeding for such fee, or that the employment of O'Brien & Company to make the audit was necessary, or that such necessity had been shown to the ordinary. The petitioners were not seeking a judgment against the estate in favor of O'Brien & Company, but the petition was one whereby a former representative of the estate sought to have the expense of an audit—made by O'Brien & Company at the request of the administrator de bonis non cum testamento annexo, which audit was delivered by the former representative of the estate to the administrator along with the other assets of the estate—declared to be a proper item of expense of administration and paid as such out of the assets of the estate. Whether or not the expense of such audit is a proper item of expense of administration, is a matter to be determined by the ordinary on the

hearing. Under the allegations of the petition in this case, this court can not say, as a matter of law, that the employment of O'Brien & Company to make an audit of the estate was illegal or unauthorized and that the cost of such audit was not a valid item of expense of administration. The trial judge did not err in overruling grounds 2, 3, and 22 of the demurrer.

■ Grounds 4 to 15 of the demurrer are merely restatements of the grounds contained in the motion to dismiss the petition for want of jurisdiction in the ordinary or in the court of ordinary to entertain the petition or to grant any of the relief sought therein; and, for the reasons set out in the first part of this opinion, these grounds of demurrer are without merit and the court did not err in overruling them.

■ In grounds 16 to 21 of the demurrer, the administrator contends that the allegations of the petition are vague, uncertain, and indefinite as to whether or not the will of George A. Mercer Sr. was admitted to probate, and whether or not George A. Mercer Jr. and George W. Hunt qualified as executors under the will of George A. Mercer Sr., dated June 18, 1940, or whether they were purporting to act as executors under the provisions of the agreement, entered into on November 20, 1940, between the legatees, to administer the estate of Georgia A. Mercer Sr. in accordance with the provisions of an unsigned paper in the form of a will, which George A. Mercer Sr. had prepared not long before his death, but which was never signed by him or executed as his will. As stated above, the petition alleges that George A. Mercer Sr. died testate, and that his will, dated June 18, 1940, nominated or appointed petitioners as executors "of his estate," and that they qualified as such executors on February 10, 1941, and had since been acting as such executors. "The court of ordinary in the matter of administering estates is a court of general jurisdiction; and therefore its judgments cannot be collaterally attacked, unless the record negatives the existence of the necessary jurisdictional facts." *Scarborough* v. *Long,* 186 *Ga.* 412, 415 (197 S. E. 796), and cit. The allegation that George A. Mercer Sr. died testate and that his will nominated or appointed the petitioners as executors "of his estate" was sufficient to show jurisdiction in the court of ordinary for their appointment as such executors and, as against the demurrer, was sufficient to support the allegations of the petition

that the petitioners qualified as executors "of the estate" of George A. Mercer Sr. on February 10, 1941, and had since acted as such. Therefore the court did not err in overruling grounds 16 to 21 inclusive of the demurrer.

The petition was not subject to be dismissed for any reason assigned in the motion, nor were the allegations of the petition subject to the objections set out in the grounds of demurrer, and the court did not err in overruling the motion to dismiss and the demurrer.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, page 232), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Broyles, C. J., MacIntyre, Gardner, and Parker, JJ., concur.*

FELTON, J., dissenting. The petition in this case shows on its face that the ordinary or the court of ordinary did not have jurisdiction to render the judgment prayed for. The commissions and account sued for are costs of administration. They are not costs of court in the ordinary sense, and are classed as *debts of the decedent,* for which an action may not be instituted within twelve months from the qualification of the personal representative. *Irvine* v. *Irvine,* 145 *Ga.* 660 (89 S. E. 746). If the ordinary or court of ordinary did not have jurisdiction to decide an issue as to whether or not one is indebted to an estate (*Fulford* v. *Sweat,* 65 *Ga. App.* 521, 16 S. E. 2d, 102), conversely they cannot decide whether the estate is indebted to one other than a personal representative, legatee, or distributee. The probate jurisdiction is limited to questions arising under citation authorized under the Code, § 113-2201, which provides: "Any person interested as distributee or legatee may, after the expiration of one year from the grant of administration, cite the administrator to appear before the ordinary for a settlement of his accounts, or, if the administrator chooses, he may cite all of the distributees to be present at the settlement of his accounts by the ordinary. Such settlement shall be conclusive upon the administrator and upon all the distributees who are present at the hearing." A judgment against a distributee for overpayment has been held to be beyond the powers

of the ordinary. *Echols* v. *Almon,* 77 *Ga.* 330 (1 S. E. 269). See also *Thompson* v. *Allen,* 160 *Ga.* 535 (128 S. E. 773); *Ballard* v. *Zachry,* 54 *Ga. App.* 101 (187 S. E. 139). Amounts due as costs of administration are recoverable at law. *Brannon* v. *Ober & Sons Co.,* 106 *Ga.* 168 (32 S. E. 16).