## ANSLEY *v.* DAVIS *et al.*

A·plaintiff can not join in one action two separate claims against separate defendants.

SEPTEMBER 27, 1913.

Equitable petition. Before Judge Pendleton. Fulton superior court. June 3, 1912.

*Anderson, Felder, Rountree & Wilson,* for plaintiff.

*E. V. Carter* and *Rosser & Brandon,* for defendants.

ATKINSON, J. The allegations of the petition take a wide scope, and state much that need not be alleged upon any theory of the case. The grounds of demurrer are numerous, extending to various phases of the case. The petition was dismissed on demurrer, upon what grounds it is not stated; but if the ruling was proper upon any ground, the judgment will be affirmed.

Some of the grounds of demurrer complained that the petition was multifarious. The petition was open to that criticism. In affirming the judgment we will not enter into a discussion of the separate claims of the plaintiff which ought not have been joined in the first instance. One claim which the plaintiff makes by his allegations is against Davis individually. This is based upon an alleged enterprise in the nature of a partnership between the plaintiff·and·Davis, whereby the·two were to divide in certain propor-

tions the net profits of land bought from the Ontario Land Company, the deed conveying which was taken in the name of Davis, who paid the whole of the purchase-price under the agreement between them for division of net profits after the sale of the property and deduction of the costs and expenses of the development and sale. On the strength of the allegations setting forth such relation to Davis, it was sought, among other things, to compel him to enter into an accounting with the plaintiff, and to have the court decree in favor of plaintiff for a third interest in the profits. Under the plaintiff's theory it was not an interest in the land which he was seeking to recover, but it was merely an interest in the net profits from the sale of the land, based on the alleged contract forming the joint enterprise.

Another claim of the plaintiff was that based on his right as a stockholder in the West End Park Company. It was alleged that the corporation had acquired a large amount of land, eighty per cent. of which was a part of the land included in the Ontario purchase, which had been obtained from Davis, and that the corporation had conducted a real-estate business, developing and selling its property, realizing large sums from the sales, and the like. Based on such allegations and others complaining of improper conduct on the part of Davis, Wesley, and Campbell, as officers of the company, it was sought to reduce the capital stock of the corporation and to protect the corporation from maladministration or misfeasance of its officers. It is needless to analyze the case further to ascertain what else the plaintiff would have the court decree. The case clearly falls within the principle of the Civil Code, § 5515, which prevents the joining in one action of distinct and separate claims against different persons. *White* v. *North Ga. El. Co.,* 128 *Ga.* 539 (58 S. E. 33); *Ramey* v. *O'Byrne,* 121 *Ga.* 516 (49 S. E. 595); *Martin* v. *Brown,* 129 *Ga.* 562 (59 S. E. 302). See also 16 Cyc. 239, G, (4).

It is not decided that the allegations relative to the claim against Davis, or those against the West End Park Company, set forth a cause of action, but merely that the claims were improperly drawn in one petition. If we should pass upon the merits of the several claims, it would be possible for a plaintiff to include in one action a multitude of disconnected claims against as many separate persons, and thus procure a decision upon the merits of each, and in

effect avoid the rule above announced against joining in one action separate claims against separate persons.

Inasmuch as we affirm the judgment dismissing the action on the ground alone that it was multifarious, direction is given that the judgment be so modified as to rest upon that ground only, and so as not to prejudice any right of the plaintiff as to other grounds as being adjudicated by reason of the general form of the judgment originally entered.

*Judgment affirmed, with direction. All the Justices concur.*