## HERRING v. SMITH.

LUMPKIN, J. 1. In a petition to compel specific performance of a written contract in regard to land, allegations tending to show that the contract sought to be enforced was obtained by fraud or duress were demurrable.

2. A cause of action arising ex contractu and one arising ex delicto can not be joined in the same suit. *Wolff* v. *Southern Ry. Co.*, 130 *Ga.* 251 (60 S. E. 569).

(a) An action for malicious abuse of legal process arises ex delicto; and an amendment to a petition based in part on such a cause of action, which merely seeks to claim that damages are asked on that account as for a breach of contract, does not change the nature of the action, where it does not set up a breach of contract in that respect or damages arising from such breach, but still relies upon the fact that there was a malicious abuse of process. The joining of such a cause of action with an effort to compel specific performance of another and distinct contract renders the petition demurrable for misjoinder of causes of action. *Willis* v. *Galbreath*, 115 *Ga.* 793 (42 S. E. 81).

(b) Under the note of the presiding judge attached to the bill of exceptions, there was no error in failing to allow opportunity for further amendment of the petition on this point.

3. The allegation in regard to tender by the plaintiff to the defendant of "either of said mentioned amounts" (two amounts previously stated) was somewhat vague and indefinite as to whether the plaintiff tendered each of these amounts or made an alternative tender.

4. Where a demurrer to a petition includes several grounds, and is sustained generally, it will be presumed that it was sustained on all of the grounds. *McClaren* v. *Williams*, 132 *Ga.* 352 (64 S. E. 65), and citations.

(a) The petition in the present case was demurrable on certain grounds, but was not subject to demurrer on the ground that it was without equity and set forth no cause of action. Inasmuch as the presiding judge sustained the demurrer generally, thus adjudicating that ground in favor of the defendant, and a general affirmance of such a judgment would be final on that subject, direction is given that the judgment be affirmed; but that it be so modified as not to adjudicate that the plaintiff's petition is without equity and sets forth no cause of action.

*Judgment affirmed, with direction. All the Justices concur.*

JUNE 12, 1914.

Equitable petition. Before Judge Meadow. Oglethorpe superior court. October 4, 1913.

*E. P. Shull* and *John J. & Roy M. Strickland,* for plaintiff.
*Sibley & McWhorter* and *W. M. Howard,* for defendant.