### 13759. PRICE *et al. v.* KETCHUM *et al.*

Only the general demurrer to the petition is considered by this court, it appearing from a note of the judge to the bill of exceptions that the dismissal of the petition was based only on the general demurrer.

Misjoinder of parties is not a sufficient reason for dismissing a petition on general demurrer.

Although the petition showed that the defendant power company was not a resident of the county in which the suit was brought, and had no office or agent in that county, it appeared from the petition that in that county was situated a part of the overflowed lands and damaged trees and timber; and therefore the superior court of that county was not without jurisdiction of the case.

The damages that might arise from overflow of the lands were not liquidated in the deed in question.

The petition as amended set forth a cause of action, and the court erred in dismissing it on general demurrer.

DECIDED NOVEMBER 14, 1922. REHEARING DENIED DECEMBER 13, 1922.

Action for damages; from Lee superior court — Judge Littlejohn. June 7, 1922.

The action was against C. L. Ketchum and the Georgia-Alabama Power Company for damages on account of the overflow of certain lands in Lee and Dougherty counties. The substance of the petition is stated in the following opinion. The defendants demurred on the grounds, that no cause of action was set forth, that there was a misjoinder of defendants, and that the petition showed that the superior court of Lee county had no jurisdiction over the power company, and that jurisdiction of the suit was in Dougherty county; and various paragraphs of the petition were demurred to as being mere conclusions of the pleader and for other reasons. By amendment to the demurrer it was added that " the contract under which the plaintiffs purchased the timber from C. L. Ketchum provides what shall be the damages in the event of an overflow, and said contract has been strictly complied with, as appears from the deed and the petition," and " defendants demur to the allegation of damages for the reason that the contract under which the plaintiff purchased provides for the amount of damages, and the allegation in reference to damages is inconsistent and contrary to said agreement or deed."

The judgment on the demurrer was as follows: " The original and amended demurrer filed by the defendants in the above-stated case came on for hearing, . . and after consideration said demurrers are hereby sustained, and the suit as amended hereby dismissed." To this judgment the defendants excepted, and in their bill of exceptions error was assigned thereon as follows: " 1st. Said judgment does not specify what grounds of demurrer were sustained, or whether said petition was dismissed on the general or the special demurrer of defendants. 2d. The court did not allow plaintiffs to amend the petition to meet ·defendants' demurrer. 3d. Said judgment sustaining said demurrer and dismissing plaintiff's petition was and is contrary to law, and no valid reason in law was assigned which warranted the dismissal of plaintiff's petition." A note to the second of these assignments of error was added by the judge in the bill of exceptions, as follows: " The demurrers were argued and submitted to the court and no request to present further amendment than the one allowed. Had I not sustained the general demurrer, would have suggested amendment in my order."

*W. G. Martin,* for plaintiffs.

*Milner & Farkas, Robert G. Forrester,* for defendants.

BROYLES, C. J.   Goode Price and J. M. Cannon brought suit to the superior court of Lee county against C. L. Ketchum and the Georgia-Alabama Power Company, alleging, in substance, the following: that the defendant Ketchum is a resident of Lee county, and that the defendant Georgia-Alabama Power Company is a corporation engaged in the business of generating electricity and in transmitting the same over wires to Lee county and counties adjoining Dougherty county; that the principal office of the power company is located in Albany, Dougherty county, Georgia, and that it has no agent in Lee county; that on May 26, 1920, plaintiff acquired by deed from the defendant Ketchum all the hardwood, pine, and other trees and timber on certain designated lots of land in Dougherty and Lee counties, for and in consideration of $3,000, of which amount $2,500 was paid in cash, and the remaining part of the purchase-price ($500) was to be paid upon the happening of certain contingencies provided for in the deed (which was attached to and made a part of the petition) as follows: " The second party (the plaintiff Goode Price) has bargained and sold certain of [said] trees to one S. W. Tyson, who has paid only a portion of the purchase-price, the balance thereof to be paid as said trees are cut and removed, and if the said S. W. Tyson fully pays said second party all of the price agreed to be paid for said trees, according to the terms and conditions of the contract of sale, then the said second party and his assigns shall pay the balance of the aforesaid purchase-price of $500 to the said C. L. Ketchum; or if said Tyson should be prevented from cutting and removing said trees from said lands under the contract so made to the said Price, by reason of back-water over the lands on which said trees are standing from the dam now in course of construction by the Georgia-Alabama Power Company across the Flint river, and the said Price or his assigns should recover of said power company, by settlement in suit or otherwise, damages done to said trees because of such overflow, then and in such event said first party (the defendant Ketchum) shall be paid such balance of $500, but if neither of such conditions shall be met, then said second party shall be due the first party no further amount than that already paid; " that Tyson forfeited his rights to cut the trees described in the deed from Ketchum to Price, in that he

failed to make the payments provided for, and thereafter, on August 15, 1921, surrendered said trees and all his rights under the contract of sale entered into between himself and Price; that on June 4, 1921, Ketchum granted to the Georgia-Alabama Power Company the right to back water and overflow all of the land upon which the trees and timbers in question were located, as well as all other rights and interest in the lands that shall be necessary or incident to the proper use of the lands for overflow or back-water purposes by reason of the dam then in construction by the power company, and that at the time of this grant or conveyance both Ketchum and the power company knew that the trees and timber in question were the property of the plaintiffs; that in November, 1921, the power company completed its dam, causing water from the river over which the dam was constructed to back upon and overflow the lands in question, and thereby totally destroyed the value of the trees and timber thereon.

The defendants interposed demurrers, both general and special, to the petition as finally amended. After hearing argument upon the demurrers the court passed an order sustaining them and dismissing the petition. To this judgment the plaintiffs excepted.

In the recent case of *Willingham* v. *Glover,* 28 *Ga. App.* 394 (111 S. E. 206), it was held: " Where a demurrer to a petition contains grounds both of general and special demurrer, and the trial judge, without specifying the grounds or the basis of his decision, passes a general order sustaining the demurrer and dismissing the petition, the judgment will be treated as sustaining the entire demurrer upon all its grounds, and the special as well as the general grounds must be considered on review if the petition is not subject to the latter. *McClaren* v. *Williams,* 132 *Ga.* 352 (2) (64 S. E. 65) ; *Herring* v. *Smith,* 141 *Ga.* 825 (4) (82 S. E. 132) ; *DeLoach* v. *Ga. Coast R. Co.,* 144 *Ga.* 678 (1) (87 S. E. 889) ; *Gunn* v. *James,* 120 *Ga.* 482 (2) (48 S. E. 148) ; *Huggins* v. *Southeastern Lime & Cement Co.,* 121 *Ga.* 311 (1) (48 S. E. 933) ; *Crittenden* v. *Southern Home Assoc.,* 111 *Ga.* 266 (5) (36 S. E. 643) ; *Atlanta Post Co.* v. *McHenry,* 26 *Ga. App.* 341 (1) (106 S. E. 324). *The rule is otherwise where the order of dismissal is expressly limited to the general grounds, or from its language may be so construed; in which event the special grounds will not be considered, but will be left to subsequent determination*

*by the trial court.* [Italics ours.] *Linder* v. *Whitehead*, 116 *Ga.* 206 (42 S. E. 358) ; *Simpson* v. *Sanders*, 130 *Ga.* 265, 271 (60 S. E. 541) ; *Linam* v. *Anderson*, 12 *Ga. App.* 735 (4), 739 (78 S. E. 424)." In the instant case the trial judge made the following explanatory note as to his ruling on the demurrers: "The demurrers were argued and submitted to the court and no request to present further amendment other than the one allowed. *Had I not sustained the general demurrer,* would have suggested *amendment in my order."* (Italics ours.) Obviously, therefore, under the above ruling and the note of the trial court, we are not called upon to consider the special demurrers, and will consider the general demurrer only.

The contention of defendants in error, that the court properly dismissed the case on general demurrer because of a misjoinder of parties defendant, is without merit. Conceding (but not deciding) that there was a misjoinder of defendants, the trial court should not have dismissed the petition on general demurrer. "A misjoinder of parties or of causes of action is not a ground of general demurrer, but is a defect which should be taken advantage of by special demurrer filed at the first term. *Ga. R. Co.* v. *Tice*, 124 *Ga.* 459 (1), 462, 463 (52 S. E. 916, 4 Ann. Cas. 200) ; *Riley* v. *Royal Arcanum,* 140 *Ga.* 178 (1 *b*), (78 S. E. 803) ; *Neil* v. *Dow Law Bank*, 138 *Ga.* 158 (74 S. E. 1027) ; *Lippincott* v. *Behre*, 122 *Ga.* 543 (2, 3), 546 (50 S. E. 467) ; *Armuchee Pants Mfg. Co.* v. *Juillard*, 14 *Ga. App.* 141, (80 S. E. 525). The former rule stated in *Governor* v. *Hicks*, 12 *Ga.* 189, that such a petition will be held bad on general demurrer, has been expressly modified by *Ga. R. Co.* v. *Tice,* supra, 124 *Ga.* 463 (52 S. E. 916, 4 Ann. Cas. 200). The grounds attacking the alleged misjoinder in the instant petition, while treated by counsel as a general demurrer, cannot, therefore, be so considered." *Willingham* v. *Glover,* supra.

Nor is there any merit in the contention of defendants in error that the petition was subject to general demurrer because of the alleged want of jurisdiction in Lee superior court. While it is true that the petition shows affirmatively that the defendant power company was not a resident of Lee county and had no office or agent in that county, yet it is alleged that a portion of the lands which were overflowed and upon which the trees and timber damaged was located was in Lee county. In the case of *Central*

*Georgia Power Co.* v. *Stubbs,* 141 *Ga.* 172 (1) (80 S. E. 636), it was held: " Where an electric company engaged in the business of generating electricity and transmitting it over wires to various parts of the State has its principal office in one county, and its dam and power plant for generating the electricity in another, it is liable to suit in still another county for damages there caused by water backed into such county, although it has there no office, agent, agency, or transmission line." Thus, a portion of the lands overflowed being in Lee county, the superior court of that county was not, under the ruling in the *Stubbs* case, supra, without jurisdiction of the entire case.

There is likewise no merit in the contention that the petition was subject to general demurrer because the deed from the defendant Ketchum to the plaintiff Goode Price fixed and liquidated the damages, if any, that might result from the overflow of the lands in question, and that the petition shows affirmatively that the amount agreed upon as liquidated damages had been satisfied. We do not think it can be said, as a matter of law, that the deed fixed or liquidated the damages which are sued for in this case. On the contrary, it appears to us that the parties to the deed merely agreed that upon the happening of certain contingencies the purchase-price of the trees and timber in question would be lessened $500. Therefore, the fact that these contingencies did not happen would not, as a matter of law, preclude the plaintiffs from recovering damages because of the overflow of the lands in question. The facts of this case clearly distinguish it from the case of *Martin* v. *Lott,* 144 *Ga.* 660 (87 S. E. 902), and cases there cited.

It follows from what has been said that the trial court erred in sustaining the general demurrer and dismissing the case.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*