McCowan, guardian, *v.* Snook *et al.,* executors; *et vice versa.*

Atkinson, J. A suit in equity, based on separate and distinct claims against different persons, where there is no common right to be established, will be dismissed on demurrer on the ground of multifariousness. Civil Code, §§ 5523, 5419, 5515; *White* v. *North Georgia Electric Co.,* 128 *Ga.* 539 (58 S. E. 33); *George W. Muller &c. Co.* v. *Southern Seating &c. Co.,* 147 *Ga.* 106 (92 S. E. 884).

(*a*) The facts do not bring the case within the principle applied in *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97), and *Waters* v. *Brownlee,* 136 *Ga.* 182 (71 S. E. 6).

(*b*) The petition in the instant case was originally multifarious, and was so after allowance of all amendments, and as finally amended it should have been dismissed in its entirety.

(*c*) The judge did not err in the two judgments dismissing the action upon which error was assigned in the main bill of exceptions.

(*d*) That part of the judgment which retained the case as against some of the defendants, and upon which error was assigned in the cross-bill of exceptions, was erroneous.

*Judgment affirmed on the main bill of exceptions, and reversed on the crossbill. All the Justices concur.*

Nos. 8556, 8557. August 15, 1932.

*T. M. Linder* and *S. P. New,* for plaintiff.

*J. K. Jordan, Tye, Thomson & Tye, T. L. Slappey, Sutherland & Tuttle, Howell, Heyman & Bolding, Shelfer & Dunaway, L. C. Hopkins, Bryan, Middlebrooks & Carter, W. P. Bloodworth,* and *E. C. Stark,* for defendants.