ADAMS *v.* JOHNSON *et al.*

No. 11275. MAY 14, 1936.

*John P. McKinley* and *Philip N. Jobson,* for plaintiff.

*J. C. Savage, C. S. Winn,* and *Bond Almand,* for defendants.

BELL, Justice. · This was a suit for the writ of mandamus, and the writ of error is to review a judgment dismissing the petition. The petition contained but one count. It alleged that one of the defendants was employed by the City of Atlanta as superintendent of electrical affairs; that the other three defendants constituted the board of examiners of motion-picture operators, under an ordinance of that city providing for the examination of motion-picture operators; and that the plaintiff stood an examination under this ordinance and made a passing grade, and was otherwise qualified as a motion-picture operator under the terms of such ordinance, but the defendants failed and refused "to pass petitioner" on said examination and refused to issue to him "a certificate of proficiency," as it was their duty to do under the ordinance as applied to the facts. The petition alleged also that the ordinance was void in its entirety, because in violation of stated provisions of the State and Federal constitutions. The defendants filed a demurrer containing general and special grounds. In ground 3, they demurred to the petition "generally, because it appears that the plaintiff, while attempting to claim that the ordinance under which these defendants are acting is unconstitutional, is at the same time seeking to require the defendants to perform an act or a duty which is required of the aforesaid ordinance; and the plaintiff can not, as a matter of law, be permitted to take an inconsistent position, in that, if the ordinance under which these defendants are acting is unconstitutional and void, this court can not grant a writ of mandamus to compel them to act under an unconstitutional ordinance." The court sustained "the demurrer" and dismissed the petition, and the plaintiff excepted.

The judgment is construed as sustaining the demurrer on all grounds. *McClaren* v. *Williams,* 132 *Ga.* 352 (2) (64 S. E. 65). Whether or not ground 3 of the demurrer be considered as a general or special demurrer, the petition which consisted of a single count was subject as a whole to this demurrer. If the ordinance was void as alleged in the petition, the defendants could not be required by mandamus to perform any alleged duty under it, because in

such case the ordinance did not impose an official duty on any one. The plaintiff could not in the same count attack the ordinance as void and also demand compliance with it, where the petition was appropriately challenged by demurrer for such defect. *Henry* v. *Campbell*, 133 *Ga.* 882 (67 S. E. 390, 27 L. R. A. (N. S.) 283, 18 Ann. Cas. 178). The imperfection of the petition was not a mere duplicity or inconsistency in form, but its allegations were repugnant in matter of substance, and so repugnant as to neutralize and destroy each other. In such case the petition is fatally defective, and thus subject to general demurrer. Jacksonville &c. R. Co. *v.* Thompson, 34 Fla. 346 (16 So. 282, 26 L. R. A. 410) ; 49 C. J. 99, § 92; 49 C. J. 385, § 486; 18 Enc. Pl. & Pr. 743. Regardless of other questions, the petition was subject to ground 3 of the demurrer, and was properly dismissed. See, in this connection, *Pitts* v. *Smith,* 108 *Ga.* 37 (33 S. E. 814) ; *Seifert* v. *Sheppard,* 111 *Ga.* 814 (35 S. E. 673) ; *Macon & Birmingham Ry. Co.* v. *Walton,* 127 *Ga.* 294 (7) (56 S. E. 419).

*Judgment affirmed. All the Justices concur.*