WHIDDON *v.* SOUTHERN AUTO FINANCE CO. *et al.*

No. 12312. September 23, 1938.

*William A. Thomas, C. E. Moore,* and *F. L. Breen,* for plaintiff.

*Harry S. McCowen, Smith, Smith & Bloodworth,* and *Estes Doremus,* for defendants.

JENKINS, Justice. 1. "A petition wherein separate and distinct causes of action against different defendants are set forth is demurrable on the grounds of multifariousness and misjoinder of parties." *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984 (2) (48 S. E. 380); *Robertson* v. *Cox,* 183 *Ga.* 744 (189 S. E. 844); Code, § 3-110.

2. The petition against a motor company, a finance company, and an insurance company was subject to the special grounds of demurrer for multifariousness and misjoinder, in that it set forth in one count four claims, as follows: (1) A claim ex delicto against the three companies, based on an alleged fraudulent misrepresentation by the salesman of the motor company that the full value of the automobile purchased by the plaintiff was covered by insurance against collision, and on the alleged payment by the plaintiff of the premium for such full coverage as part of the purchase-price, whereas the policy issued did not cover the plaintiff's equity; additional averments being that the motor company was the special agent of the finance company to which the motor company assigned the retention-title note, that the finance company was the general agent of the insurance company, that two and a half months later the car was totally wrecked in a collision,

and that all three companies were therefore liable for the full value of the car. (2) A claim against the insurance company *under the policy* as issued, but for an amount not covered by its terms, representing the plaintiff's uninsured equity in the full value of the car, less $50 deductible under the terms of the policy, and less two per cent. for depreciation, with a claim against all three companies for damages and attorney's fees, under the Code, § 56-706, for alleged bad faith in failing to pay the loss *under the policy*. (3) A claim against the motor and finance companies for not being licensed under the Georgia laws to sell insurance. (4) A claim against the finance company by virtue of alleged misrepresentations as to the form, nature, and character of the policy offered for sale, in contravention of the law in the Code, §§ 56-519, 56-9906; with prayers for a general judgment against all of the companies for the full value of the car, including the unpaid part of the purchase-price, damages and attorney's fees for failure to pay the insurance claim, an injunction against the finance company's proceeding further with its foreclosure suit against the plaintiff in the municipal court, and a consolidation of that case with the instant suit.

3. Where a petition is dismissed for lack of a cause of action and for multifariousness or misjoinder, and is subject to demurrer on the latter ground, this court is not required to rule on the merits of the several claims set forth in the petition. *George W. Muller Co.* v. *Southern Seating &c. Co.*, 147 *Ga.* 106 (2), 113 (92 S. E. 884); *Herring* v. *Smith*, 141 *Ga.* 825 (1, 2, 4-*a*) (82 S. E. 132). If the rule were otherwise, it would be possible for a plaintiff to include in one action a multitude of disconnected claims against as many separate persons, and thus compel a decision upon the merits of each, and in effect avoid the rule above announced against joining in one action separate claims against separate persons. *Ansley* v. *Davis*, 140 *Ga.* 615 (79 S. E. 454). However, since courts of equity are loath to dismiss bills for multifariousness, they will, if it be reasonably possible, remand the case with leave to amend by striking such of the grounds of complaint as will cure the defect complained of (*Arteaga* v. *Arteaga*, 169 *Ga.* 595 (4, 5), 151 S. E. 5; *Stephens* v. *Whitehead*, 75 *Ga.* 294, 299; *Sims* v. *Cordele Ice Co.*, 119 *Ga.* 597 (3), 603, 46 S. E. 841); but this can not be done where the record is so

confused as to make it difficult for this court to determine just what cause, if any, the plaintiff should be required to elect to stand on. In such a case, it is the practice to let the dismissal stand. *Morgan* v. *Shepherd,* 69 *Ga.* 308. See, as to the rule where the special demurrer relates to mere meagerness or irrelevant matter, *Sutton* v. *Adams,* 180 *Ga.* 48 (4), 71 (178 S. E. 365), and cit. Since the judgment dismissing this petition is affirmed on the ground alone that it was multifarious and contained a misjoinder, direction is given that the judgment sustaining the demurrers be so modified as to rest only upon that ground, so that the general form of the judgment originally entered will not prejudice any right of the plaintiff on the merits of his cause. *Ansley* v. *Davis, Herring* v. *Smith,* supra.

*Judgment affirmed, with direction. All the Justices concur.*