BURGIN LUMBER COMPANY *v.* KIRKSEY *et al.*

CANDLER, Justice. 1. A suit in equity, based on separate and distinct claims against different persons, where there is no common right to be established, will be dismissed on demurrer on the ground of multifariousness. Code, §§ 3-110, 37-1007; *White* v. *North Georgia Electric Co.,* 128 *Ga.* 539 (58 S. E. 33); *Ansley* v. *Davis,* 140 *Ga.* 615 (79 S. E. 454);

*Gordy* v. *Levison & Co.*, 157 *Ga.* 670, 678 (122 S. E. 234); *McCowan* v. *Snook*, 175 *Ga.* 430 (165 S. E. 84); *Longino* v. *Bearden*, 177 *Ga.* 353 (170 S. E. 237); *Whiddon* v. *Southern Auto Finance Co.*, 186 *Ga.* 726 (198 S. E. 729); *Polk* v. *Slaton*, 187 *Ga.* 620 (1 S. E. 2d, 402).

(*a*) The petition in the instant case, as finally amended, was multifarious, and the demurrers having been renewed to the amended petition upon that ground, among others, should have been sustained and the petition dismissed in its entirety. *McCowan* v. *Snook*, supra.

(*b*) The facts of this case do not bring it within the principle applied in *Conley* v. *Buck*, 100 *Ga.* 187 (28 S. E. 97), and *Waters* v. *Brownlee*, 136 *Ga.* 182 (71 S. E. 6).

2. Where a petition should have been dismissed in the lower court for multifariousness, this court will not rule upon the merits of the several claims set forth in the petition, because if we should do so, it would be possible for a plaintiff to include in one action a multitude of disconnected claims against as many separate persons, and thus procure a decision upon the merits of each, and in effect avoid the rule above announced against joining in one action separate claims against separate persons. *Ansley* v. *Davis*, supra; *George W. Muller &c. Co.* v. *Southern Seating &c. Co.*, 147 *Ga.* 106 (92 S. E. 884). "As liberal as our system of pleading is, we have not reached the extent that a litigant may hale all persons against whom he has a complaint into court in one suit, and demand separate relief against each, upon entirely disassociated and unrelated matters." *Martin* v. *Brown*, 129 *Ga.* 562 (59 S. E. 302).

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16134. MARCH 19, 1948.

*Jesse G. Bowles,* for plaintiff in error.

*S. B. Lippitt, Cleveland Rees,* and *W. L. Ferguson,* contra.