19853. BYRD *et al. v.* RIGGS, Administratrix.

594

ARGUED SEPTEMBER 11, 1957—DECIDED OCTOBER 15, 1957.

*W. C. Hawkins, Francis W. Allen,* for plaintiffs in error.

*Geo. M. Johnston, Fred T. Lanier, Robert S. Lanier,* contra.

CANDLER, Justice. On June 12, 1956, Mrs. Eubie Riggs, as administratrix of the estate of Gordon Riggs, filed an equitable suit against Mrs. LeRoy Byrd and Richard Byrd. In substance and so far as need be stated, her original petition alleges: Under the provisions of a will which Mrs. Ida Boyd executed on April 7, 1949, and which was probated in solemn form in Bulloch County on April 25, 1956, her intestate's estate owns absolutely and in fee simple all real and personal property which the testatrix owned at the time of her death, which includes her home place in Statesboro, Georgia, known as No. 13 North College Street. On March 28, 1952, there was recorded in the office of the Clerk of the Superior Court of Bulloch County an instrument which purports to be a warranty deed, dated May 18, 1951, signed by Mrs. Ida Boyd, and which conveyed to Mrs. LeRoy Byrd and Richard Byrd her home place at No. 13 North College Street in Statesboro, Georgia; that such instru-

ment conveyed no title to the named grantees because it was never delivered to them; that its record creates a cloud on the title of Gordon Riggs' estate for the land described therein; and that it may be vexatiously and injuriously used against petitioner as the administratrix of Gordon Riggs' estate. There is a prayer that the defendants be required to deliver up such purported deed and that it and the record thereof be canceled as a cloud on her intestate's title. The defendants demurred generally to the original petition on the ground that it alleged no cause of action either at law or in equity. By an amendment to the original petition, it is alleged that the purported deed of May 18, 1951, is void and of no effect for the reason that Mrs. Ida Boyd neither signed it, nor authorized anyone to sign it for her—that it is a forgery. The defendants objected in writing to the allowance of the amendment, on the grounds: (a) that its allegation of forgery sets up a new and distinct cause of action; and (b) its allegations are inconsistent with and contradictory of the allegations of the original petition. The objection was overruled, and there is an exception to that judgment. The general demurrer, which was renewed to the petition as amended, was overruled, and to that judgment the defendants also except. The case resulted in a verdict for the plaintiff, and a motion for new trial on the usual general grounds and seven special grounds was likewise denied, and is excepted to by the defendants.

■ It was error to allow the plaintiff's amendment over the objection made thereto, and to overrule the demurrer to the petition as amended. We have not here presented an instance of striking an allegation and substituting a different and conflicting one. Compare *Harrell* v. *Parker*, 186 *Ga.* 760 (198 S. E. 776); *Goble* v. *L. & N. R. Co.*, 187 *Ga.* 243 (200 S. E. 259). In the case at bar, the allegation of forgery in the amendment was so repugnant to the facts set forth in the original petition that they completely neutralized and destroyed each other; and since such inconsistent and contradictory allegations canceled out each other, the amended petition stated no cause of action and was subject to general demurrer. *Adams* v. *Johnson*, 182 *Ga.* 478 (185 S. E. 805). "Certainty of statement is one of the greatest aims of pleading; and this cannot be attained if

the plaintiff in the same count be permitted to base his case upon inconsistent allegations. A defendant is entitled to be informed of the facts upon which the plaintiff bases his action. When the cause of action arises out of a single transaction, the details of the transaction should not be alleged so as to be contradictory." *Central of Ga. Ry. Co.* v. *Prior,* 142 *Ga.* 536 (83 S. E. 117). Here, in a one-count petition, the plaintiff sought to have declared void and canceled a deed which Mrs. Boyd made and which allegedly never became effective as a conveyance for want of delivery by the grantor to the grantees named therein; and by the amendment she sought to have the same deed declared void and canceled because it was not made by Mrs. Boyd but was a forgery. This she could not do. For a like ruling, see *Owen* v. *S. P. Richards Paper Co.,* 188 *Ga.* 258 (3 S. E. 2d 660). It is a violation of the very elements of good pleading to compel a defendant to meet a petition with but one count, when the facts relied on for recovery are, as here, inconsistent and contradictory. The amendment having been allowed over the objection, the petition as amended should have been dismissed.

■ The ruling just announced is, of course, controlling, but when the case is returned to the trial court, it is possible for the plaintiff to offer an amendment which would save the action from being dismissed, and there are questions presented by the writ of error, other than those already dealt with, which may arise on another trial, and they too will be considered; and it is especially appropriate that we do so since this is the sixth time litigation respecting ownership of the property left by Mrs. Boyd has reached this court for review; but the questions presented for review on those appearances were entirely different from the ones now before us. The original motion in the instant case alleges that a new trial should be granted because the verdict is contrary to the evidence and without evidence to support it; that it is decidedly and strongly against the weight of the evidence; and that it is contrary to law and the principles of justice and equity. As to the issue of forgery, the evidence was conflicting, but the jury was authorized to find from it that Mrs. Boyd did not sign the deed in question or authorize someone else to do so for her. As to the issue of nondelivery

of the deed, the evidence demanded a finding by the jury that neither Mrs. Boyd nor anyone else who was authorized to do so for her delivered it to the named grantees—Mrs. LeRoy Byrd and Richard Byrd. Touching this, the record shows only: The deed is dated May 18, 1951, and recites, "I reserve the right to hold said deed for my lifetime, and upon my death the party of the second part is to come in full possession and owner of my entire estate." Mrs. Ida Boyd had a stroke during the night following the day on which the deed was purportedly executed and was carried to a hospital, where she died on May 27, 1951. Mrs. G. L. Best was living with Mrs. Boyd when the latter died, but moved away soon after her death. Mrs. LeRoy Byrd, as a witness in her own behalf, testified that Mrs. Boyd gave the deed to Mrs. Best; that she was at the home of Mrs. Best on March 27, 1952, when Mrs. Best found the deed; that Mrs. Best then gave it to her; that she had not had the deed in her possession before then; and that she took it to the office of the Clerk of the Superior Court of Bulloch County on the following day and had it recorded. Mrs. Byrd also testified that, while she knew Mrs. Boyd had made the deed, she did not know where it was until it was found by Mrs. Best on March 27, 1952. The deed admittedly was never delivered to the named grantees in person by Mrs. Boyd, and there is no evidence showing or tending to show that it was placed in escrow with Mrs. Best for later delivery to the named grantees. In every case of an escrow, the person with whom the deed is placed must, by mutual consent, be made the agent of both parties and clothed with authority to deliver it to the grantee or grantees on the happening of some future event. *Wellborn* v. *Weaver*, 17 *Ga.* 267, 275 (63 Am. D. 235); *Brown* v. *Brown*, 192 *Ga.* 852 (16 S. E. 2d 853). Hence, the general grounds of the motion for new trial are without merit; and, as to them, the trial judge did not err in refusing to grant a new trial.

■ Special grounds 1, 2, and 3 of the motion for new trial assign error on quoted portions of the judge's charge to the jury, and the portions so complained of are his effort, in part, to call the jury's attention to the allegations of the original petition, the amendment thereto, and the defendants' answer as they

stood at the time of his charge, and they correctly stated contentions of the parties as shown by their respective pleadings. Consequently, these grounds of the motion are without merit.

■ Special ground 4 of the motion alleges that the court erred in giving the following charge: "As you know, the contention of the plaintiff in this case is that the deed was never delivered; that's one of her contentions. Another is, even though it may have been executed, it was never delivered. And another one is, it was never properly executed by the maker. In fact, that statement amounts to fraud, that somebody else drew the paper and had it executed, claiming that it was the deed and act of Mrs. Boyd." The criticism lodged against this part of the charge is that it is not sound as an abstract principle of law; that it amounts to an expression of an opinion by the trial judge as to what the evidence shows; and that it injects into the case an issue of fraud which is not raised by either the pleadings or the evidence. While the excerpt complained of was technically an inaccurate statement of the plaintiff's contentions, it was nevertheless not erroneous for any one or more of the reasons assigned.

■ Special ground 5 of the motion complains of the court's refusal to give the following written and timely-made request to charge: "I charge you gentlemen of the jury that where a deed has been properly executed and recorded, this is prima facie evidence of delivery and in the absence of rebutting proof the fact that such deed has been recorded is sufficient to prove the delivery of the deed." And special ground 6 alleges that the court erred in failing to give the following properly requested charge: "I charge you gentlemen of the jury that no estate passed under the will of Mrs. Ida Boyd except such property as she owned at the time of her death. I further charge you that after the execution of her last will and testament she had a right to dispose of any of her property by deed or in any manner known to the law and at any time prior to her death. I charge you that if you find from the evidence that Mrs. Boyd conveyed the property in question to the defendants during her lifetime her will would not convey this property when probated after her death and in that event you should find a verdict for the defendants." The requests stated correct prin-

ciples of law, but since the evidence in this case, and especially that of Mrs. LeRoy Byrd, one of the defendants, demanded a finding by the jury that the deed here involved was neither actually nor constructively delivered to the grantees during the lifetime of the grantor, a failure to give the requested charges was not error. See *Castile* v. *Burton,* 200 *Ga.* 877 (38 S. E. 2d 919) ; *Richardson* v. *Hairried,* 202 *Ga.* 610 (44 S. E. 2d 237), and the cases there cited.

■ Special ground 7 of the motion alleges that the court erred in allowing in evidence a paper purporting to be , a will, which Mrs. Boyd executed on March 3, 1950, and which was offered for probate in solemn form on May 11, 1955, by Mrs. LeRoy Byrd, one of the defendants in this case. When offered, its admission was objected to by counsel for the defendants on the following ground: "The only issue here is a deed, and we object to them going into other papers." Counsel for the plaintiff stated to the court that it was being offered only for the purpose of comparing signatures, and it was admitted by the court for that particular purpose only. We see no error in this. Hence, this ground of the motion is without merit.

*The judgment overruling the demurrer to the petition as amended is reversed. All the Justices concur.*