20450. WHITEHURST, by Next Friend, *v.* DEL-COOK TIMBER COMPANY, INC.

SUBMITTED APRIL 14, 1959—DECIDED JUNE 5, 1959.

*Hugh D. Wright, Edward Parrish,* for plaintiff in error.
*W. D. "Jack" Knight, M. Dale English,* contra.

HEAD, Justice. ■ The brief of counsel for the petitioner (plaintiff in error in this court) states that the issues of law to be determined are: "(1) Did the petition allege such lack of mental capacity upon the part of the plaintiff as would withstand a general demurrer? and (2) Did the plaintiff make such allegations with respect to tender as would withstand a general demurrer?"

These questions and the entire brief of counsel are pertinent to the allegations of count 2 of the petition, and have no relation to the allegations of count 1. While count 1 as amended is in the name of the petitioner suing by next friend, there are no allegations in the first count of incompetency, and there is no question of tender. It is apparent, therefore, that any contention that count 1 asserts a cause of action is abandoned by counsel for the petitioner, and we will not deal with this count, except as its allegations are adopted as a part of count 2.

■ Since the record in the present case does not show that the defendant objected to the allowance of the amendment to the petition, by special demurrer or otherwise, on the ground that it alleged a new cause of action, this question is not before this court. *Aycock* v. *Williams,* 185 *Ga.* 585 (196 S. E. 54); *Greene* v. *Kelly,* 193 *Ga.* 675, 679 (19 S. E. 2d 718); *Mauldin* v. *Lexington Roller Mills,* 195 *Ga.* 122 (23 S. E. 2d 429).

■ The second count of the petition asserts that the petitioner did not have sufficient mental ability to understand the nature of the contract presented to her, and has elected to declare it

void. The contract of a person non compos mentis, who has never been adjudicated to be insane, is voidable. Code § 20-206.

While this count asserts in general terms the lack of mental ability of the grantor, and states that she was 85 years of age, feeble both physically and mentally, and suffering from poor eyesight, other allegations of the count are contradictory of the contention that she did not have mental capacity to understand the nature of the contract.

The contract was executed on March 18, 1958. It is alleged that early in March, 1958, the petitioner decided to sell from her lands described in the petition "all yellow pine having one or more cat faces and all black pine 12 inches in diameter 12 inches from the ground"; that at the request of the petitioner her son contacted buyers of timber to advise them of the desire of the petitioner to sell the timber described; that the sale of the timber was conducted by Hazel Whitehurst on March 12, 1958, on described conditions, which were the conditions upon which the petitioner offered the timber for sale; that the agent of the defendant became the highest bidder at a price of $9,000, and was advised that his bid would be submitted to the petitioner for acceptance or rejection in terms of the announcement at the time the timber was offered for sale; that the contract was represented to the petitioner to be "in accord with the terms and conditions upon which said timber was offered for sale."

When considered on demurrer, contradictory or ambiguous pleadings must be construed most strongly against the pleader. *Butler* v. *City of Dublin*, 191 *Ga.* 551, 554 (13 S. E. 2d 362). The allegations of count 2 of the petition as to the decision of the petitioner to sell specified timber, and her negotiations leading up to the sale to the defendant, indicate that the petitioner had a rational mind and was fully capable of understanding the nature of the contract, and contradict the general allegations as to her lack of mental ability to execute a contract. As stated in *Adams* v. *Johnson*, 182 *Ga.* 478, 480 (185 S. E. 805), "The imperfection of the petition was not a mere duplicity or inconsistency in form, but its allegations were repugnant in matter of substance, and so repugnant as to neutralize and destroy

each other. In such case the petition is fatally defective, and thus subject to general demurrer." See also *Byrd* v. *Riggs*, 213 *Ga.* 593 (100 S. E. 2d 453) ; *Zachos* v. *Citizens & Southern Nat. Bank*, 213 *Ga.* 619 (3) (100 S. E. 2d 418).

Count 2 of the petition failed to state a cause of action for the rescission of the contract, and the trial judge did not err in sustaining the renewed general demurrers to the petition as amended.

*Judgment affirmed. All the Justices concur.*