38969. McENTYRE v. CLACK *et al.*

DECIDED SEPTEMBER 18, 1961—REHEARING DENIED
OCTOBER 17, 1961.

*Head & Head, Hugh G. Head, Jr.,* for plaintiff in error.

*Crenshaw, Hansell, Ware, Brandon & Dorsey, Edward E. Dorsey, C. B. Rogers, Jule W. Felton, Jr., Charles Adams, C. W. Eberhardt,* contra.

EBERHARDT, Judge. ■ Count 1 of the amended petition makes the following allegations with respect to the relationship that existed between the defendants:

Paragraph 6. "Under the terms of that written contract of fire insurance, . . . defendant (insurance company) acting for itself to comply with its obligation to pay for or restore the damaged parts of the property, and acting for (the landlord) employed (the contractor) . . . Plaintiff does not know, but defendants well know, the details of the contract of (the contractor's) said employment."

Paragraph 42. The insurance company and the contractor "were agents, servants and employees of" the landlord in doing the work.

Paragraph 43. The landlord "contracted with" the insurance company "for said repairs and there was no provision in the contract authorizing the employment of independent subcontractors, and (the contractor) was an agent and servant of each of the other defendants."

Paragraph 44. The contractor and his employees "were employees, agents and servants of" the insurance company.

The problem presented by these allegations is: What relationship is the plaintiff contending existed between the defendants here? While a general allegation of agency is good against a general demurrer (*Williams v. Ballenger*, 87 Ga. App. 255 (2), 73 SE2d 509), the allegations here allege several different agencies. Our consideration must involve an application of the well-settled rule that on general demurrer pleadings will be given the construction which is most unfavorable to the pleader.

The fact that the plaintiff alleges that he "does not know, but the defendants well know, the details of the contract of (the contractor's) employment" does not present any unsurmountable difficulty in this regard. "Where an agreement between parties in a tort action is set out merely to show the relationship of the parties . . . such agreement, not being the basis of the action, need not be alleged with absolute particularity." *Community Gas Co. v. Williams*, 87 Ga. App. 68 (4a) (73 SE2d 119). While the allegations of a petition must generally have a high degree of certainty about them, the standard of definiteness is not so high where the facts are peculiarly within the knowledge of the opposite parties. *Community Gas Co. v. Williams*, 87 Ga. App. 68 (4b), supra; *Beebe v. Smith*, 76 Ga. App. 391 (2) (46 SE2d 212); *South Ga. Power Co. v. Beavers*, 39 Ga. App. 374 (1) (146 SE 924); see *Caldwell & Co. v. Dulin*, 22 Ga. 4 (3); *Davis v. Homer Lumber Co.*, 211 Ga. 144 (2) (84 SE2d 59).

However, the rule lowering the bar of certainty in such cases does not relieve the pleader of the responsibility to have some certainty in his petition. Defendants are entitled to know the theory on which the plaintiff bases his action. "It is a violation of the very elements of good pleading to compel a defendant to meet a petition . . . when the facts relied on for recovery

are . . . inconsistent and contradictory." *Byrd v. Riggs,* 213 Ga. 593, 596 (100 SE2d 453).

Thus the rule that a general demurrer is good against a petition whose allegations are not only vague, uncertain and indefinite, but are also inconsistent and repugnant to one another so that it is impossible to understand upon what theory the plaintiff seeks a recovery. *Allison v. Allman,* 82 Ga. App. 574 (61 SE2d 672); *Zachos v. Citizens & Southern Nat. Bank,* 213 Ga. 619 (3) (100 SE2d 418); *Duggar v. Quarterman,* 191 Ga. 314 (4) (12 SE2d 302); *Whitehurst v. Del-Cook Timber Co.,* 215 Ga. 124 (3) (109 SE2d 602); *Byrd v. Riggs,* 213 Ga. 593, supra; *Owen v. S. P. Richards Paper Co.,* 188 Ga. 258 (1) (3 SE2d 660); *Douglas v. Langford,* 206 Ga. 864 (2) (59 SE2d 386); *Jenkins v. Dunlop Tire & Rubber Corp.,* 71 Ga. App. 255 (3) (30 SE2d 498). See *Henry v. Campbell,* 133 Ga. 882 (67 SE 390, 27 LRA (NS) 283, 18 AC 178); *Adams v. Johnson,* 182 Ga. 478 (185 SE 805); *Richardson v. Coker,* 188 Ga. 170, 175 (3 SE2d 636). Compare *Griffith v. Moore,* 185 Ga. 120 (5) (194 SE 551) and cases cited. Plaintiff's allegations as contained in the paragraphs quoted above do not meet the standards of this rule so as to enable the defendants to know which theory of their relationship plaintiff adopts. These contradictory allegations all in a single count make it impossible to know who plaintiff contends is the principal and who the agent or who is the master and who the servant. The trial judge referred to this shortcoming in count 1 of the petition when he said in his order: "I attempted to point out the inconsistencies of the allegations of plaintiff's petition relative to agency and independent contractors. By his rewritten petition plaintiff has not removed the mystery. . ."

It was therefore proper to sustain the general demurrer to count 1.

■ Turning to count 2 of the petition, we find that the relationship of the parties is alleged more specifically. It is alleged that the insurance company was an independent contractor of the landlord and that the contractor was an independent contractor employed by the insurance company.

The general rule is that an employer of an independent

contractor is not liable for the contractor's negligence. The exceptions to the rule are embodied in *Code* § 105-502, which provides: "The employer is liable for the negligence of the contractor—1. When the work is wrongful in itself, or, if done in the ordinary manner, would result in a nuisance; or, 2. If, according to previous knowledge and experience, the work to be done is in its nature dangerous to others, however carefully performed; or, 3. If the wrongful act is the violation of a duty imposed by express contract upon the employer; or, 4. If the wrongful act is the violation of a duty imposed by statute; or, 5. If the employer retains the right to direct or control the time and manner of executing the work; or interferes and assumes control, so as to create the relation of master and servant, or so that an injury results which is traceable to his interference; or 6. If the employer ratifies the unauthorized wrong of the independent contractor."

In two paragraphs of his petition, plaintiff specifically relies on exceptions (2) and (3). In another paragraph, he alleges that "each of these defendants was negligent in creating a nuisance," apparently relying on exception (1). In still another paragraph, negligence is alleged in the violation of a city ordinance, apparently relying on exception (4).

As previously stated, a general demurrer was sustained to this count of the petition. In addition, there was a demurrer on the ground of duplicity, but there was no ruling on this demurrer by the trial court.

Duplicity is a well-recognized ground on which a petition may be attacked. "[D]uplicity does not relate only to cases where inconsistent sets of facts are alleged in a single count to support a legal theory or theories of recovery, but also to cases where a single set of facts is alleged in a single count to support more than one theory as to the plaintiff's right to recover. *Hartley v. Hartley,* 198 Ga. 294 (1) (31 SE2d 655); *Glynn Lumber Co. v. McCann,* 201 Ga. 354 (1) (40 SE2d 139)." *City of Atlanta v. Minder,* 83 Ga. App. 295, 296 (63 SE2d 420). See *Spence v. Erwin,* 200 Ga. 672 (2) (38 SE2d 394); *Orr v. Cooledge,* 117 Ga. 195 (3) (43 SE 527). Thus in count 2 it is apparent that the plaintiff is alleging a single set of facts to support more than one theory as to his right to recover.

Because the trial judge did not reach a consideration of the duplicity demurrer, the case is remanded for a ruling on this defect. In the meantime, this court is not now required to rule on the merits of the four theories of the plaintiff's petition and could not do so with propriety until the plaintiff has elected upon which theory of the petition he will stand. *Hartley v. Hartley,* 198 Ga. 294 (3), supra. See *Polk v. Slaton,* 187 Ga. 620 (1 SE2d 402); *Whiddon v. Southern Auto Finance Co.,* 186 Ga. 726 (3), 727 (198 SE 729); *Arteaga v. Arteaga,* 169 Ga. 595 (5) (151 SE 5); *George W. Muller Bank Fixture Co. v. Southern Seating &c. Co.,* 147 Ga. 106 (92 SE 884); *Herring v. Smith,* 141 Ga. 825 (82 SE 132); *Seymore v. Rice,* 94 Ga. 183, 185 (21 SE 293); *Burgin Lumber Co. v. Kirksey,* 203 Ga. 439 (2) (47 SE2d 68); *Price v. Ketchum,* 29 Ga. App. 179, 182 (115 SE 32).

A similar ill in a petition is multifariousness where it embraces two or more distinct subjects. As to multifariousness, the rule has long been that "[S]ince courts of equity are loath to dismiss a bill for multifariousness, they will, if it be reasonably possible, remand the case with leave to amend by striking such of the grounds of the complaint as will cure the defect complained of." *Whiddon v. Southern Auto Finance Co.,* 186 Ga. 726, 727, supra, and citations. This rule should and does apply to duplicity as well. As was said in *Finley v. Southern Ry. Co.,* 5 Ga. App. 722, 724 (64 SE 312): "We entertain no doubt of the prerogative of this court, in a proper case, to make a tentative, or even a final, disposition of a case by appropriate direction." *Code* § 6-1610; 2 E.G.L. 172, Appeals, § 192. The judgment sustaining the general demurrer is reversed for proceedings in accordance with this opinion.

*Judgment affirmed in part and reversed in part with direction. Carlisle, P. J., and Nichols, J., concur.*